IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 18-1574 (MN) |
| PERRY PHELPS, et al. | ) ) ) |
| Defendants. | ) |

# MEMORANDUM OPINION

James Arthur Biggins, James T. Vaughn Correctional Center, Smyrna, Delaware. *Pro Se* Plaintiff.

May 8, 2019
Wilmington, Delaware

NOREIKA, U.S. District Judge:

## I. INTRODUCTION

Plaintiff James Arthur Biggins ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1, 3). His initial pleading titled "Plaintiff's Supporting Affidavit of Imminent Danger" is construed as a complaint. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Plaintiff moves for an emergency injunction, a motion for an order compelling discovery, and to stay. (D.I. 8, 13, 17). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff filed his original Complaint on October 11, 2018. (D.I. 1). There are forty-three named Defendants[1] and, of the forty-three Defendants, twenty-two[2] are named only in the Complaint's caption. On October 15, 2018, Plaintiff filed a letter, construed as an amendment to the Complaint. (D.I. 3). Defendants are sued in their individual and official capacities. Count I of the Complaint alleges unsafe and hazardous working conditions (D.I. 1 ¶¶ 1-16); Count II alleges deliberate indifference to prescribed medication (*id.* ¶¶ 17-19); Count III alleges deliberate and intentional interference with prescribed medication (*id.* ¶¶ 20-26); Count IV alleges deliberate indifference to prescribed medical dietary needs (*id.* ¶¶ 27-31); and Count V alleges deliberate

---

[1] While not clear, with the exception of Global Tel. Link, Inc., it appears that most, if not all, Defendants are employees of the State of Delaware or of the Delaware Department of Correction.

[2] The defendants who are named only in the caption include Christopher Cessna, Stanley Baynard, Thomas Soocard, Tony Benson, James Satterfield, Jim Sims, Lt. Wallace, Tim Heald, Gus Christo, Bonita C. Mullen, Mrs. Foraker, C/O Connors, C/O Melky, Tim Martin, Mrs. Bryant, Michael Little, Ken Simpler, Matt Denn, Jack Wagner, Michael Jackson, Ophelia M. Waters, and Global Tel. Link, Inc. (D.I. 1, 3).

indifference to nutritionally adequate food (*id*. ¶¶ 32-34). There is no prayer for relief. (*See* D.I. 1, 3).

On February 7, 2019, Plaintiff filed a motion for an emergency injunction. (D.I. 8). In the motion he states that this action is brought pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 794 ("Rehab Act").[3] The Court ordered VCC Warden Dana Metzger ("Metzger") to respond to the motion. (D.I. 11). In the meantime, Plaintiff sought discovery from Defendant Perry Phelps ("Phelps") followed by a motion to compel discovery.[4] (D.I. 12, 13). On April 10, 2019, Metzger filed an opposition to Plaintiff's motion for injunctive relief and, the next day, Plaintiff filed a motion to stay until after Defendants had responded to his discovery requests. (D.I. 17).

## III. SCREENING OF COMPLAINT

### A. Legal Standards

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d

---

[3] The Complaint and its amendment do not raise claims under the ADA or the Rehab Act.

[4] At that time the Complaint has not been screened, no Defendants had been served, and the Court had not entered a scheduling and discovery order.

224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint

3

must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the presumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp*., 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. Discussion

#### 1. 42 U.S.C. § 1983

The Complaint does not refer to any statutes in Counts I through V. It appears, however, that Plaintiff attempts to raise claims pursuant to 42 U.S.C. § 1983 given the reference to unsafe hazardous working/conditions of confinement and deliberate indifference to medical needs. The

4

allegations appear to implicate claims under the Eighth Amendment and, if viable, the claims would arise under 42 U.S.C. § 1983.

Plaintiff has an obligation to provide the grounds of his entitlement to relief. This means that the Complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

As previously noted, the following Defendants are named only in the caption of the Complaint: Christopher Cessna, Stanley Baynard, Thomas Soocard, Tony Benson, James Satterfield, Jim Sims, Lt. Wallace, Tim Heald, Gus Christo, Bonita C. Mullen, Mrs. Foraker, C/O Connors, C/O Melky, Tim Martin, Mrs. Bryant, Michael Little, Ken Simpler, Matt Denn, Jack Wagner, Michael Jackson, Ophelia M. Waters, and Global Tel. Link, Inc. *See* n.2, *supra*.

In addition, the original Complaint (D.I. 1) contains no allegations against Defendants Perry Phelps, Clarie Demattis, Steven Wesley, Marc Richman, Jennifer Biddle, Adrian Grinstead, Dana Metzger, Phil Parker, Terrell M. Taylor, II, Megan Falgowski, Wendell Lundy, Tonya Smith, Christopher Moen, Adrian Harwood, and Matthew Wofford. The foregoing Defendants are mentioned in the amendment (D.I. 3) and many, if not all, appear to be named as Defendants based upon their supervisory positions. As is well established, there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). Moreover, the allegations against the foregoing Defendants are nothing more than conclusory, without factual basis. Plaintiff raises the same general claim for Counts I through V against the foregoing Defendants, as follows:

> Please accept the document as serving additionally as the initial complaint with the following defendants named under the following: As to claim one (1) under individual and official capacities as to each acquaintance, knowledge, participation, custom, policy and or regulation . . . . As to claim two (2) under individual and official capacities as to each acquaintance, knowledge, participation, custom, policy and or regulation . . . . As to claim three (3) under individual and official capacities as to each acquaintance, knowledge, participation, custom, policy and or regulation . . . . As to claim four (4) under individual and official capacities as to each acquaintance, knowledge, participation, custom, policy and or regulation . . . . As to claim five (5) under individual and official capacities as to each acquaintance, knowledge, participation, custom, policy and or regulation . . . .

(D.I. 3 at 1-2). The repetitive allegations for each Count contain no supporting facts and do not suffice to state any type of constitutional violation or cognizable claim.

The claims against Defendants Christopher Cessna, Stanley Baynard, Thomas Soocard, Tony Benson, James Satterfield, Jim Sims, Lt. Wallace, Tim Heald, Gus Christo, Bonita C. Mullen, Mrs. Foraker, C/O Connors, C/O Melky, Tim Martin, Mrs. Bryant, Michael Little, Ken Simpler, Matt Denn, Jack Wagner, Michael Jackson, Ophelia M. Waters, Global Tel. Link, Inc., Perry Phelps, Clarie Demattis, Steven Wesley, Marc Richman, Jennifer Biddle, Adrian Grinstead, Dana Metzger, Phil Parker, Terrell M. Taylor, II, Megan Falgowski, Wendell Lundy, Tonya Smith, Christopher Moen, Adrian Harwood, and Matthew Wofford are frivolous and these Defendants and all claims against them will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**2.  Eleventh Amendment Immunity**

The claims are asserted against Defendants in their individual and official capacities. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit

against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state, state agency, or a state official in his official capacity are barred by the Eleventh Amendment. *See id.*

While there is no prayer for relief, in his amendment Plaintiff asked that Counts I through IV be viewed under a preliminary injunction standard. (*See* D.I. 3 at 2). The Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (internal citations omitted). The State of Delaware has neither consented to Plaintiff's suit nor waived its immunity. Therefore, all official capacities claims are dismissed to the extent that Plaintiff seeks monetary damages from Defendants in their official capacities pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

### 3. Prayer for Relief

The Complaint does not contain a prayer for relief that explains what relief Plaintiff seeks from the court. Federal Rule of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief," Fed. R. Civ. P. 8(a)(3). *See e.g.*, *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007). *See also, Klein v. Pike Cty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for relief compels dismissal). Plaintiff's failure to specify relief of any sort of relief weighs in favor of dismissal for

7

noncompliance with Rule 8. *See Liggon-Redding v. Souser*, 352 F. App'x 618, 619 (3d Cir. 2009) (affirming dismissal without prejudice where complaint failed to identify relief sought). Because the Complaint does not contain a prayer for relief, it will be dismissed without prejudice. Plaintiff will be given leave to amend to correct this pleading deficiency.

### 4. Conditions of Confinement, Count I

Count I of the Complaint is raised against Defendants Security Chiefs John Brennan ("Brennan") and Christopher Senota ("Senota") and Sergeants Jones ("Jones") and Freddricks ("Freddricks"). (D.I. 3 at ¶¶ 3, 11-14). Plaintiff attempts to raise an unlawful condition of confinement claim.

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

Count I alleges that Plaintiff's prison job requires him to clean showers in the housing units, and in 2017 the cleaning product CLR was distributed for cleaning the units. (D.I. 1 ¶ 2). Plaintiff alleges that in the past he was allowed to use blue hospital surgical gloves when he used

the cleaning product but when Jones and Freddricks were assigned to the building (a date is not provided), he was told the gloves "were now off limits" and only for their use. (*Id*. ¶ 3).

Plaintiff complains that when using the product, he is not provided protection for his face or arms and is only provided food service gloves for his hands. The gloves, he asserts, do not provide any protection because they are not made to absorb the wear of cleaning surfaces, they routinely tear and rip, and do not provide protection for a complete cleaning cycle. (*Id*. ¶ 2). While Plaintiff alleges that he is exposed unnecessarily to diseases or staph infections, he does not allege that he has contracted any disease or infection. (*Id*. at 5).

Plaintiff further alleges that the consistent inhaling of the "chemical toxic" has affected his breathing because masks are not provided and this has caused him to suffer with more severe respiratory problems associated with his preexisting chronic obstructive pulmonary disease. (*Id*. at 6). The Complaint does not indicate the time-frame when Plaintiff was not provided with a mask. He states, however, that on May 2, 2018, during his annual chronic care medical treatment, a nurse practitioner supplied him with breaking masks. (*Id*. ¶ 8).

Plaintiff next alleges that in July 2018, shift officers complained to Jones and Freddrick about CLR and other cleaning supplies discovered in inmate cells. (*Id*. ¶ 11). While not clear, Plaintiff seems to indicate that Jones and Freddrick raised the issue with Brennan and Senota and asked that cleaning products be restricted from all inmates in general and only accessible under a correction officer's supervision. (*Id*. ¶ 13). Plaintiff alleges that Brennan's and Senota's "collective memo has not stopped the general population's accessibility" and restricts the showermen whose access to the CLR cleaning product is through correctional officers who now pour unmeasured or directed amounts of the products into buckets with water. (*Id*. ¶¶ 14-15). Plaintiff alleges this practice placed him at a "higher degree of harm from the products usage" as

the fumes are stronger and chemical skin burns are more likely because of the higher degree of unmeasured products into buckets "with no eye, face, hands, and arm protection." (*Id*. ¶ 16).

With regard to Jones and Freddrick, Plaintiff has alleged that he is required to work with cleaning agents without appropriate safety gear including gloves and masks and his ability to breathe has been affected by the lack of safety gear. In addition, Plaintiff has alleged that Jones and Freddrick acted with a sufficiently culpable state of mind given the allegation that Jones and Freddrick continued to use gloves while the same gloves were "off limits" to Plaintiff. Accordingly, the Complaint states conditions of confinement claims against Jones and Freddrick.

The allegations against Brennan and Senota, however, do not state a claim and are frivolous. Brennan and Senota took action to resolve an issue regarding the discovery of cleaning products in inmates' cells. There are no allegations that Senota and Brennan were aware of any risk of harm to Plaintiff or that they were deliberately indifferent to Plaintiff's safety. Accordingly, the claims against Senota and Brennan will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### 5. Medical Needs Claims – Counts II, III, IV, and V

Count II alleges deliberate indifference to prescribed medication, Count III, alleges deliberate and intentional interference with prescribed medication, Count IV alleges deliberate indifference to prescribed medical dietary needs, and Count V alleges deliberate indifference to nutritionally adequate food.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.

*Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," however, so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Also, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

### a. Count II

Count II alleges that Plaintiff's medication regimen was changed in 2004 and, that since 2006, Plaintiff has been administered other medication. (D.I. 1 ¶¶ 18, 19). The claims in Count II fail. There are no factual allegations directed towards any defendant. Notably, there are no allegations that Plaintiff is being denied medication. He is administered "other medications" that

apparently are not to his liking. Accordingly, Count II will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### b. Count III

Count III is raised against James Scarborough ("Scarborough"). Plaintiff alleges that he was prescribed Neurontin until July 2014 and then on August 2, 2014, he was informed by a nurse that she had been told to no longer dispense the medication to Plaintiff. (D.I. 1 ¶¶ 21, 22). Plaintiff alleges that he recently learned that Scarborough, who was then the VCC's Number 2 Security Chief had received a "jailhouse letter" that Plaintiff was selling his medication to another inmate. (*Id*. ¶ 23). Plaintiff alleges that Scarborough then called medical personal about the information he had received and advised them to discontinue the Neurontin. (*Id*. ¶ 24). Plaintiff alleges that his rights were violated because he was never told that the "jailhouse letter" was the reason that he no longer receives Neurontin. (*Id*. at ¶ 26). Plaintiff does not allege that he is deprived medication; he alleges that he "no longer received medication of substantive value." (*Id*. ¶ 26).

Plaintiff's allegations do not state a claim. First, deference is afforded in the administration of a prison, especially in light of the need to preserve discipline and maintain internal security. *See Bell v. Wolfish*, 441 U.S. 520, 527 (1979). Thus, deference is given to the practice of discontinuing medication for an inmate accused of selling his medication. In addition, other courts have held that the decision to discontinue an inmate's medication where there is evidence that the inmate is misusing the medication does not constitute deliberate indifference. *See e.g*., *Jones v. Tompkins*, 2016 WL 4211610, at *7 (W.D.N.Y. Aug. 10, 2016). Finally, as noted, Plaintiff does not alleges he no longer receives medication; he disagrees with the type of medication administered to him.

Therefore, Count III and the claim against Scarborough will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### c. Count IV

Count IV is raised against Defendant grievance chairperson Matthew Dutton ("Dutton"). Plaintiff alleges that his acid reflux condition, one for which he has been receiving medication and medical treatment since 2008, severely restricts the type of foods he can digest. (D.I. 1 ¶ 27). He alleges that he has difficulty maintaining weight and often feels undernourished and hungry. (*Id*.). In 2010 Plaintiff was seen by a gastroenterologist who provided Plaintiff with a prescribed dietary food plan. (*Id*. ¶ 28). Plaintiff submitted a grievance when the special dietary plan had not been implemented within several weeks. (*Id*. ¶ 29). A week or so later Dutton responded to the grievance as a "non-grievable issue" stating that the VCC did not have to follow outside physician treatment plans. (*Id*. ¶ 30). Plaintiff alleges that, to date, he is forced to eat foods that affect his physical health and cause him unnecessary pain and suffering.

The claim against Dutton fails for two reasons. First, it is time-barred. The finding of the grievance as "non-grievable" occurred in 2010, and Plaintiff did not commence this action until 2018. Plaintiff, who is a frequent filer, is well aware that there is a two-year statute of limitation period for § 1983 claims. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Hence, a court may dismiss a time-barred claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

Second, the claim is raised against Dutton in his capacity a grievance chairperson. To the extent that the claim is based upon Plaintiff's dissatisfaction with the grievance procedure or denial

of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). The denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

The claim against Dutton is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### d. Count V

Count V alleges deliberate indifference to nutritionally adequate food. Plaintiff alleges that he has food allergies and is placed in a "one size meets all" standard for inmates with allergies. (*Id.* ¶ 32). The claims in Count V fail. There are no factual allegations directed towards any defendant. Nor are there allegations that Plaintiff is being denied food. He simply does not like the food served him. He alleges on the one hand, that the food is not healthy or adequately nutritious, and alleges on the other hand that the food served provides 1,000 to 1,500 calories per day. The claim is frivolous and Count V will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### 6. Amendment

As discussed above, had the Complaint contained a prayer for relief, Count I may have stated a claim against Jones and Freddrick. Therefore, Plaintiff will be given leave to amend the Complaint, only as to the prayer for relief as it pertains to Count I and the claims against Jones and Freddrick. Plaintiff is not given leave to amend any other claim as they are frivolous and

amendment is futile. Plaintiff is a frequent filer and in light of his past behavior in this Court, he is placed on notice that the case will be dismissed should he disregard this directive.

IV. <u>**INJUNCTIVE RELIEF**</u>

Plaintiff seeks injunctive relief to receive a certain medication to manage pain caused by two herniated discs, degenerative spine disease, and rheumatoid arthritis. (D.I. 8 at 2). He also seeks an injunction to provide him access to the courts. (*Id*. at 3).

### A. Legal Standards

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc*., 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc*., 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc*., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

### B. Medication

Plaintiff seems to argue that he is not being provided medication for pain medication or that the medication he is provided is less efficacious. To support his motion Plaintiff refers to a

15

grievance resolved on December 29, 2004 regarding pain medication. (D.I. 8 at 12-13). The Court takes judicial notice that Plaintiff raised this issue and relied upon the same grievance in *Biggins v. Minner*, C.A. No. 08-004-GMS. On April 16, 2008, the claim was dismissed as time-barred, Plaintiff appealed, and the appeal was dismissed after he failed to pay the required filing fee. (D.I. 46, 50, 66). Based upon the evidence presented by Plaintiff, the claim remains time-barred.

Plaintiff has failed to show the likelihood of success on the merits. Therefore, this portion of the motion for injunctive relief will be denied.

### C. Access to the Courts

The Court turns next to the access to the courts issue. This claim was not raised in the Complaint. A party pursuing injunctive relief is confined to arguing the merits of his or her complaint. *See*, *e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (explaining plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"); *Martin v. Keitel*, 205 F. App'x 925, 928-29 (3d Cir. 2006) (injunctive relief motion was "legally deficient" because it targeted conduct that bore no relation to plaintiff's underlying claim); *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005) ("to obtain a permanent injunction, a party must show . . . that he has prevailed in establishing the violation of the right asserted in his complaint"); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (rejecting injunctive relief motion that raised new assertions that were entirely different from the claim raised in the complaint because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

The claim regarding access to the courts is unrelated to the claims in the Complaint that concern cleaning supplies, medication, and diet. Plaintiff cannot demonstrate a strong likelihood of success on the merits on this issue when the content of his argument is based on a claim that he has not asserted. He has failed to satisfy the first prong of the requisite injunctive relief analysis and, therefore, the motion for injunctive relief on the access to the court claim will be denied. *See Chamberlain v. Erskine*, 2009 WL 2568657, at *2 (D. Minn. Aug. 18, 2009) ("There is a divergence in this case between the claims for relief as stated in the complaint, and the underlying double-bunking issue which is the subject of the injunction motion now being considered. In light of this divergence, as well as the number and scope of the claims that are expressly alleged in the complaint, the court cannot conclude that any success that the plaintiff may obtain on the merits would necessarily entitle him to the particular relief he now seeks by motion for preliminary injunction.").

Plaintiff is placed on notice that the Court will not consider or entertain future motions for injunctive relief that raise claims or conduct not raised in the original Complaint.

## V.     MOTION TO COMPEL AND MOTION TO STAY

On March 25, 2019, Plaintiff filed a request for production of documents directed to Phelps. (D.I. 12). On April 5, 2019, Plaintiff filed a motion for an order compelling discovery claiming that Phelps failed to respond to the request. (D.I. 13).

Plaintiff's discovery request seems to be directed to the discovery of documents to support his motion for injunctive relief. As noted above, the motion for injunctive relief will be denied as Plaintiff has failed to show the likelihood of success on the merits. In addition, discovery in the case at hand is premature, given there is no operative pleading, no defendants have been served,

and the Court has not entered a scheduling and discovery order. Therefore, the motion will be denied. (D.I. 13).

On April 11, 2019, Plaintiff filed a motion to stay the proceeding until Plaintiff received the discovery he requested and for the Court to notify Defendants of the motion and discovery and to provide a deadline to provide Plaintiff the discovery. (D.I. 17). As discussed above, the discovery was sought to support Plaintiff's motion for injunctive relief and the Court has denied that motion. The motion will be denied as moot. (D.I. 17).

## VI. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as legally frivolous, for failure to state claims upon which relief may be granted, and based upon Defendants' immunity from suit pursuant 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) and § 1915A(b)(1) and (2); (2) dismiss all Defendants except Sergeants Jones and Freddricks; (3) deny Plaintiff's motion for injunctive relief (D.I. 8); (4) deny Plaintiff's motion to compel (D.I. 13); (5) deny Plaintiff's motion to stay (D.I. 17); and (6) give Plaintiff leave to amend the prayer for relief on the claims raised against Sergeants Jones and Freddricks in Count I of the Complaint.

An appropriate Order will be entered.